**FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**SEP 1 3 2004**

UNITED STATES OF AMERICA,

    Plaintiff,

**CLERK**

v.

No. CIV-04-0882 JC/ACT
CR-01-S27 JC

LUIS RAMIREZ GERONIMO,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court, under Rule 4(b) Governing Section 2255 Proceedings, to consider Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (CV Doc. #1; CR Doc. #78) filed August 4, 2004. The motion asserts two claims. First, Defendant claims that, under the recent decision in *Blakely v. Washington*, --- U.S. ---, 124 S. Ct. 2531 (2004), his sentence is illegal. Second, he claims his sentence was incorrectly calculated. Defendant asks only that his sentence be reduced. The motion will be dismissed.

Defendant's first claim is that the increase of his sentence was based on facts other than those he admitted in his plea agreement. This claim arises under *Blakely*, which applied the rule announced by the Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Blakely*, 124 S. Ct. at 2536. The Court in *Apprendi* held that a sentence greater than the statutory maximum must be based on facts found by a jury beyond a reasonable doubt. *Apprendi*, 530 U.S. at 490. In *Blakely*, the Court applied the *Apprendi* rule in reversing a state court sentence greater than the state's guideline range for the offense stipulated in the defendant's guilty plea. 124 S. Ct. at 2538. The Tenth Circuit has ruled that *Apprendi* "is not a watershed decision and hence is not retroactively



applicable to initial habeas petitions." *United States v. Mora*, 293 F.3d 1213, 1219 (10th Cir. 2002); *see also United States v. McFadden*, No. 01-6373, 2002 WL 1435913, at **2 (10th Cir. July 3, 2002) (same for § 2255 motions). For purposes of retroactivity analysis, the decision in *Blakely* merely applies the previously announced *Apprendi* rule, *see Blakely*, 124 S. Ct. at 2536, and is thus not available to Defendant on collateral review of his criminal conviction. *See In re Dean*, 375 F.3d 1287, 1290 (11th Cir. 2004) (holding that *Blakely* does not apply on collateral review); *Simpson v. United States*, 376 F.3d 679, 680-81 (7th Cir. 2004) (same). Defendant's *Blakely* claim will be dismissed.

Defendant's second claim is that his sentence was incorrectly calculated. The Court of Appeals for the Tenth Circuit ruled against Defendant on this claim in his appeal. Issues disposed of on direct appeal may not be considered in a § 2255 proceeding. *See United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994). This claim will be dismissed.

IT IS THEREFORE ORDERED that Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (CV Doc. #1; CR Doc. #78) filed August 4, 2004, is hereby DISMISSED, and, pursuant to Fed.R.Civ.P. 58(a)(2)(A)(iii), *United States v. Sam*, No. 02-2307, 2003 WL 21702490, at *1 (10th Cir. July 23, 2003), judgment will be entered in accordance with this order.

_____
UNITED STATES DISTRICT JUDGE